25CA0709 Peo v King 08-06-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0709
City and County of Denver District Court No. 03CR2350
Honorable Alex C. Myers, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Clarence King,

Defendant-Appellant.

---

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by CHIEF JUDGE TOW
Harris and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

---

Philip J. Weiser, Attorney General, Wendy J. Ritz, First Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Clarence King, Pro Se

¶ 1     Defendant, Clarence King, appeals the district court's order denying his most recent Crim. P. 35(c) motion without a hearing. We affirm.

## I.    Background

¶ 2     In 2003, King dragged the victim into an alley, hit her repeatedly in the face, and attempted to sexually assault her. *People v. King*, 151 P.3d 594, 596 (Colo. App. 2006) (*King I*).  Police found him with his pants at his knees, beating the victim.  *Id.*

¶ 3     Among other charges, the prosecution charged King, in two separate counts, with (1) attempted sexual assault; and (2) a sentence enhancer under section 18-3-402(4)(a), C.R.S. 2025, which provides that sexual assault is a class 3 felony if "[t]he actor causes submission of the victim through the actual application of physical force or physical violence."  A jury found King guilty of one count of attempted sexual assault – causing submission through force or violence.  Because criminal attempt to commit a class 3 felony is a class 4 felony under section 18-2-101(4), C.R.S. 2025, the district court properly imposed an indeterminate eight-years-to-life prison sentence for that sex offense (Count 2). *King I*, 151 P.3d at 599-600 (holding that King's offense was a class

4 felony and the Sex Offender Lifetime Supervision Act applies to his sentence).

¶ 4    King disagrees with this interpretation of the law. After his attempted sexual assault conviction and sentence were affirmed on direct appeal, he raised unsuccessful collateral attacks in 2007, 2008, 2009, 2014, 2015, and 2017. *See People v. King*, slip op. at 6-7 (Colo. App. No. 09CA1878, Sept. 2, 2010) (not published pursuant to C.A.R. 35(f)) (*King II*); *People v. King*, slip op. at 4-7 (Colo. App. No, 17CA0951, Aug. 15, 2019) (not published pursuant to C.A.R. 35(e)) (*King III*) (affirming two district court orders denying King's Crim. P. 35 motions).

¶ 5    In 2008, the district court noted that, due to a clerical error, King's mittimus erroneously classified his attempted sexual assault conviction as a class 5 felony. A division of this court ordered a correction of the mittimus in *King II*, slip op. at 7. However, when amending the mittimus, the district court made a different clerical mistake: it vacated the sentence on the substantive conviction (Count 2), still designated as a class 5 felony, and entered a new conviction and sentence on King's sentence enhancer (Count 3), designating that count as a class 4 felony.

¶ 6    In 2024, King once again filed a Crim. P. 35(c) motion challenging his attempted sexual assault conviction and sentence. As we understand the motion, he claimed that (1) the jury instructions and verdict form on that charge unconstitutionally deviated from the information; (2) the trial court abused its discretion by not stopping proceedings after the victim failed to identify him in court; and (3) he received ineffective assistance of counsel. The postconviction court denied the motion without a hearing.

## II.    Discussion

¶ 7    King raises somewhat different claims on appeal, arguing that (1) the district court lacked subject matter jurisdiction to enter a conviction and sentence on Count 3, a sentence enhancer; (2) his information was defective because Counts 2 and 3 were charged as separate counts; and (3) the jury was improperly instructed on, and there was insufficient evidence for, the element that he caused the victim's submission by force or violence.

¶ 8    While we generally do not address arguments raised for the first time on appeal, *see People v. Huggins*, 2019 COA 116, ¶ 17, we address King's arguments here because questions of jurisdiction

3

may be raised at any time, and his arguments on appeal are not *clearly* distinct from those he raised in his motion. *See* § 16-5-402(2)(a), C.R.S. 2025; Crim. P. 35(a), (c)(VII)(d) (permitting untimely and successive postconviction challenges on jurisdictional grounds).

¶ 9 The record shows that King's jurisdictional claim is based on the erroneous postconviction amendment to the mittimus — an amendment that amounts to a clerical error. We perceive no true question of jurisdiction. But we remand for correction of the mittimus to (1) reflect that King was convicted of Count 2, a class 4 felony; and (2) remove the conviction for Count 3, the sentence enhancer. *See* Crim. P. 36 (a court may correct a clerical mistake at any time).

¶ 10 King's two remaining claims on appeal are barred as successive. *See* Crim. P. 35(c)(3)(VI), (VII). The essence of these claims was raised in 2014 and 2015, and King does not assert any cognizable exception to the successiveness bar for these claims. To the extent King's motion alleges that his claims qualify for an exception because they are based on a new rule of constitutional law introduced in *People v. Martinez*, 2024 COA 34, he is incorrect.

*See id.* at ¶¶ 25-28 (holding that entry of judgment on a lesser nonincluded offense constituted a constructive amendment to the information and violated the defendant's due process rights); *see also* Crim. P. 35(c)(3)(VI)(b), (VII)(c) (permitting successive claims if they are *based on* a new rule of constitutional law that applies retroactively). King's claims are not based on the holding in *Martinez.*

## III.   Disposition

The order is affirmed, and the case is remanded with directions to correct the mittimus.

JUDGE HARRIS and JUDGE BROWN concur.